# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD SCHAUB,

    Petitioner,

           -vs-

ROBIN KNAB, Warden, Ross
  Correctional institution,

    Respondent.

:

:

:

Case No. 3:10-cv-233

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS; ORDER QUASHING PROCESS

Petitioner Richard Schaub brings this action pursuant to 28 U.S.C. § 2254 to obtain relief from his sentence for aggravated arson being served in Respondent's custody.  The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases.

The opinion of the Montgomery County Court of Appeals in this case shows Petitioner was indicted in November 2002 and convicted by a jury in January 2004 on one count of aggravated arson. *State v. Schaub*, 2005 Ohio 3328, ¶ 4 (Ohio App. 2nd Dist. June 30, 2005).  His conviction was affirmed on direct appeal on that date. *Id.*.  Petitioner claims his conviction was affirmed on May 18, 2009 (Petition, Doc. No. 1,¶ 9(d).  According to the docket of the Court of Appeals, what happened on May 18, 2009, was a denial of Petitioner's Application for Reopening under Ohio R. App. P. 26(B).  In the per curiam Decision and Entry it filed that day, the Court of Appeals confirmed that it had decided the direct appeal on June 30, 2005 (Decision and Entry on file with Gregory Brush, Clerk of Courts).  It denied the Application on grounds it was untimely and also

-1-

noted that no appeal had ever been taken to the Ohio Supreme Court from its June 30, 2005, decision. Petitioner sought review in the Ohio Supreme Court from denial of reopening, but that was denied. *State v. Schaub*, 2009 Ohio 4233, 2009 Ohio LEXIS 2473 (Aug. 26, 2009).

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Because Petitioner did not appeal in 2005 to the Ohio Supreme Court, his conviction became final for purposes of § 2244 on the last day he could have appealed to that court, forty-five days after the Court of Appeals decision, or August 14, 2005. The statute of limitations began to run on that date and expired one year later on August 14, 2006. This case was not filed until almost four years later and is thus barred by the statute of limitations. A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of

defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002)

In his Petition, Mr. Schaub identified various failures of performance of his trial counsel which apparently were not presented to any court until they were raised in the Application for Delayed Reopening in February, 2009. All of those failures of trial counsel were known to Petitioner at the time they occurred, even though he may not have recognized their legal significance. As the Court of Appeals noted, they were all matters of record which were required to be raised on direct appeal, rather than by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21. None of them qualify as predicate facts discovered later so as to make §2244(d)(1)(D) applicable.

Because the Petition is barred by the statute of limitations, it should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

At the time of filing the Petition, Mr. Schaub's counsel caused civil process – a summons - to be issued directed to Respondent Warden (Doc. No. 3). On its face the Summons orders the Warden to file an answer and serve it on Mr. Katchmer. Under Rule 4, a habeas corpus respondent is to be served only on order of the court. Accordingly, the Summons is QUASHED and Petitioner's counsel is ordered to return it to the Clerk unserved.

The Clerk shall serve a copy of the Petition and of this Report on the Respondent and the

Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Sections Coordinator, 150 E. Gay Street, 16th Floor, Columbus, Ohio 43215.

June 17, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).