# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD SCHAUB,

    Petitioner,

:

Case No. 3:10-cv-233

-vs-

:

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

ROBIN KNAB, Warden, Ross
  Correctional institution,

    Respondent.

:

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 7) to the Magistrate Judge's Report and Recommendations (Doc. No. 4) recommending this case be dismissed with prejudice as barred by the statute of limitation. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner was convicted in January, 2004, on one count of aggravated arson. His conviction was affirmed on direct appeal on June 30, 2005, *State v. Schaub*, 2005 Ohio 3328, ¶ 4 (Ohio App. 2nd Dist. June 30, 2005), and he did not appeal further to the Ohio Supreme Court.

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the Report and Recommendations, the Magistrate Judge reasoned that because Petitioner did not appeal in 2005 to the Ohio Supreme Court, his conviction became final for purposes of § 2244 on the last day he could have appealed to that court, forty-five days after the Court of Appeals decision, or August 14, 2005, and the statute of limitations expired one year later on August 14, 2006.

In his Objections, Petitioner claims the benefit of § 2244(d)(1)(D), asserting that he learned the relevant facts in the summer of 2008 (Petition, Doc. No. 1, PageID 18).  The facts allegedly learned at that time were:

1. Failure of Trial Counsel to object to his identification at the bond hearing in this matter.

2. The failure of Trial Counsel to raise this identification in his Motion to Suppress.

3. Failure of Appellate Counsel to raise either issue concerning this identification on appeal.

4. The failure of Trial Counsel to object to police testimony that they knew where the petitioner lived implying prior bad acts.

5. The failure of Appellate Counsel to raise the issue of Counsel's failure to object to this bad

acts evidence.

6. The failure of Trial Counsel to properly raise his mistrial motion.

7. The failure of Appellate Counsel to raise the issue of ineffectiveness of counsel for the mistrial motion on appeal.

8. The failure of Trial Counsel to attempt to enter into evidence, the 911 call and the initial description to police of a bald man older than the Petitioner.

9. The failure of Appellate Counsel to raise the issue of Trial Counsel's ineffectiveness concerning the police description and the Court's error in failing to permit in camera inspection of the prior statements of the officer concerning this issue,

10. The failure of the prosecutor to provide everything in discovery.

11. Contamination of Petitioner's clothing held as evidence ..

(Petition, Doc. No. 1, PageID 18-19.)

In his Objections, Petitioner asserts the Court of Appeals "excused the Petitioner for his inability to discern these facts earlier, due to misleading statements by subsequent appellate counsel. . ." (Objections, Doc. No. 7, PageID 36).  That is a blatant misstatement of what the Court of Appeals held.  It said "Even if we were to find good cause for the delay until the summer of 2008 (which we do not), Schaub fails to justify the additional delay until the end of February 2009." *State v. Schaub*, C.A. Case No. 20394 (Ohio App. 2nd Dist. May 18, 2009)(unreported[1]).  Consequently, there is no finding by the Ohio Court of Appeals that Petitioner's delay in learning the facts until the summer of 2008 was somehow justified.

---

[1]The Decision and Entry is a matter of public record, but not reported by Lexis or Westlaw.  To make it available to the participants in this case, the Magistrate Judge is ordering the record expanded to include that document.

Petitioner offers no proof that he comes within § 2244(d)(1)(D) other than his misplaced reliance on what the Court of Appeals found. In fact, some of the items he lists are transparently not items which he learned for the first time in 2008 or could not have learned earlier in the exercise of due diligence. For example, he knew at the time it happened (2004) that his lawyer did not object to the identification made at the bond hearing or that his trial attorney failed to object to what he characterizes as prior bad acts evidence or the failure of his trial attorney to attempt to get the 911 call into evidence.

Petitioner has failed to bring the facts of this case within 28 U.S.C. § 2244(d)(1)(D). It is therefore again respectfully recommended that the Petition be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 6, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).